**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILIAN ENRIQUE BARRERA-DONIS, | No. 09-73574 |
| Petitioner, | Agency No. A073-905-213 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2011[**]
Seattle, Washington

Before: FISHER, GOULD and TALLMAN, Circuit Judges.

Wilián Enrique Barrera-Donis petitions for review of the BIA's denial of his

application for asylum, withholding of removal and relief under the Convention

Against Torture (CAT).  We deny the petition for review.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.  The BIA's determination that Barrera-Donis suffered no past persecution on account of the political opinion imputed to him as a former military officer is supported by substantial evidence.  Barrera-Donis contends that, after he left military service, guerrillas against whom he once fought wanted to attack him to obtain confidential military information.  He admits, however, that neither he nor his family has ever been harmed, threatened or even contacted by the guerrillas.  The "general climate of hostility" between the guerrillas and military officers like Barrera-Donis that prevailed at the time he left the army does not suffice to demonstrate past persecution.  *Sinha v. Holder*, 564 F.3d 1015, 1025 (9th Cir. 2009).

2.  Substantial evidence also supports the BIA's finding that Barrera-Donis' fear of future persecution on the basis of his political opinion is not objectively reasonable.  There is no "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution."  *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999).  Barrera-Donis' own testimony explaining the basis for his fear of guerrilla persecution was vague and speculative.  The documentary evidence Barrera-Donis submitted does not substantiate his fear of persecution, either.

2

3. The BIA correctly concluded that no statutorily protected basis for relief is implicated by Barrera-Donis' status as a Guatemalan returning from the United States who may be perceived as wealthy. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam). That social group is "too broad to qualify for the requested relief." *Id.* at 1150.

4. Because substantial evidence supports the denial of asylum, Barrera-Donis' application for withholding of removal was also properly denied. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc). Substantial evidence also supports the BIA's denial of relief under the CAT, because "generalized evidence of violence and crime . . . is insufficient to meet [the CAT] standard." *Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION FOR REVIEW DENIED.**